**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2993-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MUJAHIDEEN ABDULLAH,

     Defendant-Appellant.

_____

Submitted January 22, 2026 – Decided February 13, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 15-04-0594.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mujahideen Abdullah appeals from a March 15, 2024, order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We conclude defendant failed to establish a prima facie case of ineffective assistance of counsel and affirm substantially for the reasons stated in Judge Christopher Kazlau's lucid and comprehensive written opinion. We remand, however, for the trial court to correct two typographical errors that appear on defendant's judgment of conviction (JOC).

I.

We are familiar with this matter because we affirmed defendant's convictions and sentence on direct appeal. State v. Abdullah, No. A-3723-17 (App. Div. June 25, 2021). We summarize these pertinent facts for context.

J.M. (Jay)[1] was fatally shot while driving on Interstate 80 after another vehicle pulled alongside and fired three bullets into his car. Investigators learned that earlier that night, defendant allegedly became angry at Jay for flirting with his girlfriend, Julie, at a club. According to witness accounts and surveillance footage, defendant left the club, acquired a gun, returned, followed Jay's vehicle, and fired the fatal shots.

---

[1] We use initials and fictitious names for the victim and witnesses to protect their privacy interests.

Detectives traced defendant and Julie through club surveillance video that showed Julie's distinctive tattoo, ultimately linking them to their residence and leading to their arrest. Defendant initially denied involvement, but eventually admitted to shooting at Jay's car, claiming he was provoked and wanted to protect his girlfriend. Julie, who faced separate drug charges and agreed to testify against defendant in exchange for a favorable plea, recounted the escalating conflict at the club, described how defendant followed Jay's vehicle, and fired a gun out of the car window.

During the trial, the prosecution introduced substantial physical and testimonial evidence, including defendant's videotaped confession and Julie's detailed account of events. The defense attempted to undermine the prosecution's case by arguing Jay's death was due to reckless, rather than intentional, conduct and by questioning Julie's credibility, suggesting she might have been the shooter.

Defense counsel also argued defendant's confession was unreliable, as he was under the influence of drugs and possibly motivated to protect Julie. Despite these efforts, the prosecution's narrative of planned retaliation and jealousy was strongly supported by witness testimony, physical evidence, and surveillance footage.

A-2993-23

A jury acquitted defendant of murder but convicted him of the lesser-included offense of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). The jury also convicted defendant of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); and third-degree hindering his apprehension, N.J.S.A. 2C:29-3(b)(1). In a separate trial, defendant was convicted of second-degree certain persons not to possess a firearm, N.J.S.A. 2C:39-7(b). Because of defendant's prior criminal record, the State moved for him to be sentenced to an extended prison term because he was a "persistent offender." N.J.S.A. 2C:44-3(a).

The court granted the motion and sentenced defendant to a term of forty years in prison with thirty-four years of parole ineligibility as required by the No Early Release Act, N.J.S.A. 43:7.2. The trial court merged the weapons offenses with the aggravated manslaughter conviction. Defendant was also sentenced to four years in prison for the hindering conviction and five years' incarceration with five years of parole ineligibility for the certain persons conviction. The hindering sentence was ordered to be served consecutively to the aggravated manslaughter sentence and the certain persons sentence was to be served consecutive to the aggravated manslaughter and hindering sentences.

A-2993-23

In the aggregate, defendant was sentenced to forty-nine years in prison with thirty-nine years of parole ineligibility.

We affirmed defendant's conviction, but remanded for resentencing on the unlawful possession of a weapon offense and clarification as to the order that the consecutive sentences must be served on the conviction for the "certain persons" offense. Abdullah, slip op. at. 30. The Supreme Court denied defendant's petition for certification. State v. Abdullah, 248 N.J. 496 (2021).

The trial court conducted the remand hearing in May 2022 and imposed the same aggregate sentence and parole ineligibility terms. It clarified defendant should serve the custodial terms in order from the most punitive to the least punitive in order to allow defendant to maximize all the earned jail credit. To that end, the court ordered defendant to serve the certain persons sentence consecutive to the aggravated manslaughter conviction, and that the sentence imposed for hindering be served consecutive to the certain person's sentence. For the handgun possession offense, the court imposed a five-year prison sentence to be served concurrent with the sentences imposed. The trial court also eliminated the requirement for defendant to pay restitution concluding he did not have the ability to pay it.

A-2993-23

Representing himself, defendant filed a PCR petition and defendant's counsel later supplemented it. In an extensive thirty-five-page opinion, Judge Kazlau denied petitioner's request for an evidentiary hearing, holding defendant had not established a prima facie case of ineffective assistance of counsel.

Defendant appealed and presents these issues for our consideration:

> Point [I] - Defendant demonstrated prima facie claims for [PCR], entitling him to an evidentiary hearing on his post-conviction claims.
>
> A. Prevailing legal principles regarding claims of ineffective assistance of counsel and petitions for post-conviction relief.
>
> B. Trial counsels provided ineffective assistance by raising inconsistent defenses which prejudiced defendant.
>
> C. Appellate counsel was ineffective for failing to raise on direct appeal the issue of the offering of mutually exclusive defenses.
>
> D. The use of a 2008 conviction for escape from detention as a predicate for the imposition of an extended term was improper, rendering the extended term sentence illegal.

II.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J.

A-2993-23

451, 459 (1992)). It provides a "built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).

The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless he or she did not act "'within the range of competence demanded of attorneys in criminal cases'" and instead "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (first quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970); and then citing Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). In addressing an ineffective assistance claim, we follow the two-pronged standard formulated by the United States Supreme Court in Strickland, which was adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "That is, the defendant must establish, first, that 'counsel's representation fell below an objective standard of reasonableness' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 688, 694). "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR

bears the burden of providing [their] right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A failure to satisfy either prong of the Strickland/Fritz test requires the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

"To establish a prima facie case [for PCR] defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). "[A defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).

"Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Reviewing courts must make "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Ibid. Indeed, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate "how specific errors of counsel undermined the

reliability" of the proceeding.  United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

"The mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing."  State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016).  A court should hold an evidentiary hearing on a petition only if defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief."  R. 3:22-10(b).

"[W]e will uphold the PCR court's [factual] findings that are supported by sufficient credible evidence in the record."  State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Nash, 212 N.J. at 540).  "Our review of a PCR court's factual findings is 'necessarily deferential.'  However, we review a PCR court's legal conclusions de novo."  State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (quoting Nash, 212 N.J. at 540).

A.

First, as Judge Kazlau did, we conclude defense counsel's strategic choices during trial, including emphasizing the possibility that Julie was the shooter and challenging her credibility once she testified, were within the

bounds of reasonable professional judgment. There was no evidence these strategies prejudiced defendant. Similarly, the presentation of alternative theories or nuanced arguments is a legitimate defense approach. Counsel appropriately left critical factual determinations to the jury and certainly did not concede defendant was the shooter or acted with intent to kill. Our review of the record persuades us counsel provided both competent and zealous representation, and any assertion of prejudice or harm was contradicted by the trial record.

B.

Second, defendant contends he is entitled to an evidentiary hearing arguing the circumstances surrounding his conviction for escape must be probed because the underlying facts might reveal he was a minor when the offense was committed. According to defendant, this would undermine the escape as a predicate offense to support the State's application for an extended term and might render the sentence illegal.

Following defendant's conviction for first-degree aggravated manslaughter, the State moved to sentence him as a persistent offender to an extended term of imprisonment according to N.J.S.A. 2C:44-3(a). As required, and in support of its application, the State submitted a certification attaching

A-2993-23

two JOCs, one of which resulted from a third-degree escape conviction under N.J.S.A. 2C:29-5(a). Defendant contends that a factual issue exists that requires an evidentiary hearing as to whether the circumstances that led to this charge occurred when he was a juvenile or when he was an adult. We disagree.

Under N.J.S.A. 2C:44-3, "[t]he court may upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second or third degree to an extended term" if the person is found to be a persistent offender as defined by N.J.S.A. 2C:44-3(a). The statute provides the following definition of a persistent offender:

> A persistent offender is a person who at the time of the commission of the crime is [twenty-one] years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least [eighteen] years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within [ten] years of the date of the crime for which the defendant is being sentenced.
>
> [N.J.S.A. 2C:44-3(a).]

The JOC reveals defendant was an adult when he was arrested and accused of escaping from detention. He pleaded to an accusation, was

11

convicted of this third-degree offense, and was sentenced to time served and was fined.

Defendant fails to provide any credible information to substantiate his argument that the facts render the conviction infirm. This lack of corroboration renders defendant's assertion to be a conclusory, "bald assertion" insufficient to establish a prima facie claim for an evidentiary hearing. See Cummings, 321 N.J. Super. at 170.

C.

We affirm Judge Kazlau's decision on the substantive merits of defendant's appeal. We note, as the State observes, the amended JOC mistakenly omits that defendant is subject to a five-year parole disqualifier for his certain person's conviction and similarly reflects the requirement to pay restitution. Both these issues were addressed at the resentencing hearing. However, the trial court's decision was not correctly reflected on the JOC. We, therefore, remand to the trial court only to correct these typographic errors.

To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed and remanded for correction of the JOC as indicated in this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division